| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br>PETER C. HARVEY<br>ATTORNEY GENERAL OF NEW JERSEY<br>James M. Bennett, Deputy Attorney General<br>PO BOX 119<br>TRENTON NJ 08625-0119<br>(609) 984-2901 | Order Filed on 4/21/2006 by Clerk U.S. Bankruptcy Court District of New Jersey |
| In Re:<br>Robert J. Bodtmann | Case No.: 05-20980-KCF<br><br>Hearing Date:  N/A |
| New Jersey Department of Labor and Workforce Development, Division of Unemployment and Disability Insurance<br><br>                    Plaintiff(s)<br>v.<br>Robert J. Bodtmann<br><br>                    Defendant(s) | Adv. No.:    05-2039-KCF<br><br>Judge:   Hon. Rosemary Gambardells |

**CONSENT ORDER FOR JUDGMENT DETERMINING THAT DEBT OWED TO THE STATE OF NEW JERSEY IS NONDISCHARGEABLE AND FIXING TERMS OF PAYMENT**

The relief set forth on the following pages, numbered two (2) through 8 is hereby **ORDERED**.

DATED: 4/21/2006

Honorable Kathryn C. Ferguson
United States Bankruptcy Judge

United States Bankruptcy Judge

-1-

The matter having come before the Court upon the consent of the parties, Peter C. Harvey, Attorney General of New Jersey (James M. Bennett, Deputy Attorney General appearing) and Robert J. Bodtmann, pro se,, and for good cause shown;

IT IS ORDERED that judgment is hereby entered against defendant, Robert J. Bodtmann, determining, on the basis of the adversary complaint in this matter dated June 18, 2005, whose allegations the defendant, Robert J. Bodtmann, does not contest, that the debt owed to the State of New Jersey in the amount of $7,059.10 plus interest from January 3, 2006, is nondischargeable; and it is further

ORDERED that the defendant shall make payments to the State of New Jersey in thirty-five (35) equal monthly installments of $200.00 each beginning on the 15th day of February 2006 and on the 15th day of each subsequent month, and a final installment of $59.10 for a total of $7,059.10. If a due date shall fall on a Saturday, Sunday or legal holiday, the due date shall be the following business day. Payments shall be by money order or bank or certified check to "Treasurer, State of New Jersey." If payment is by any other method, it shall be received conditionally subject to collection, and the defendant shall provide the plaintiff, as soon as available, a photocopy of the payment, front and back, showing that the funds were collected. The purpose of this provision is to permit the plaintiff to book the proceeds within a reasonable time.

*Approved by Judge Kathryn C. Ferguson  April  21, 2006*

The dishonor of any such payment shall constitute a default, as set forth in the next paragraph. Payments must be received at the following address on the date due:

> Attn James M. Bennett or Lead Deputy in Charge of Collections
> Bankruptcy and Collections Unit
> 25 Market St 3rd Fl N
> PO Box 119
> Trenton NJ 08625-0119.

IT IS FURTHER ORDERED THAT, as long as the defendant shall continue to make payments under the terms of this paragraph, or make voluntary prepayments, further interest and further costs shall not accrue. It is further

ORDERED that in addition to the failure of a payment to clear as stated in the preceding paragraph, the failure of the defendant to make any payment as set forth in the preceding paragraph on the date it is due, and after a five-day grace period, shall constitute a default. <u>Except however</u>, that if the defendant shall have made voluntary prepayments, there shall be no default as long as the plaintiff remains in as favorable a position as it would have been, if the defendant had not made any voluntary prepayments.

In the event of default, the amount due on this judgment shall revert immediately to $7,059.10 plus costs and post-judgment interest from January 3, 2006, less credit for any payments made prior to the default. The State of New Jersey, in the event of

-3-

default, may have execution on such judgment and immediately proceed with the collection according to State law. It is further

ORDERED that, the defendant, no more often than twice in a calendar year, shall complete and return promptly to the plaintiff a financial statement on a form to be furnished by the plaintiff. The plaintiff shall have the right to adjust the frequency and amount of the payments, or demand a single payment in addition to or in lieu of the scheduled payments. Such adjustment or demand may be in the sole discretion of the plaintiff without further order of this Court based on information on the financial statement and/or from other sources. A single increased payment shall not postpone the payment schedule but rather accelerate the payoff date. The failure of the defendant to comply with this provision shall constitute a default and have the consequences set forth under the preceding paragraph. It is further

ORDERED that, if the defendant shall acquire assets, such as, by way of example only, and without limitation, from lottery winnings or from a trust or from an inheritance or from a lawsuit, the defendant shall report such events to the plaintiff and, on demand of the plaintiff, pay over to the plaintiff such amounts as the plaintiff shall demand. Failure of the defendant to make such reports or pay such amounts over shall constitute a default. Notwithstanding the foregoing, the plaintiff may have execution on

*Approved by Judge Kathryn C. Ferguson  April 21, 2006*

the same. Amounts thereby received shall not postpone the payment schedule but merely accelerate the payoff date. It is further

ORDERED that, nothing herein shall limit the rights of the plaintiff to setoff and/or recoupment, including setoff and/or recoupment under the program known as "SOILS" or under any similar program, or from future benefits. Amounts thereby received shall not postpone the payment schedule but merely accelerate the payoff date. It is further

ORDERED that, in addition to the foregoing, the plaintiff, at any time for good cause, may apply to this Court to modify the frequency and/or amounts of the installment payments previously set forth, or apply for payment of a single sum; and it is further

ORDERED that, if the defendant completes payments under the foregoing schedule, the State of New Jersey shall prepare and file a Satisfaction of Judgment in the within matter; and it is further

ORDERED that the failure of the plaintiff to insist on strict compliance by the defendant with any term of this order shall not constitute a waiver or relaxation of any future performance by the defendant of that term, nor shall such failure constitute a waiver or relaxation by the plaintiff of any other term of this order. It is further

*Approved by Judge Kathryn C. Ferguson  April 21, 2006*

ORDERED that the adversary proceeding is hereby terminated, subject to the retention of jurisdiction by this Court during the executory period of this judgment and until the within judgment is satisfied.

*Approved by Judge Kathryn C. Ferguson  April 21, 2006*

## CONSENT CERTIFICATE

The parties below hereby consent to the form and entry of the aforesaid order. If the defendant, Robert J. Bodtmann, is not represented by counsel, the defendant states further that the defendant has read the terms of the foregoing order and understands the said terms. The said defendant further states that the defendant has had an opportunity to have the foregoing order reviewed by counsel of the defendant's choice and that, either the defendant has had the terms of the foregoing order reviewed by counsel, or the defendant waives the right to have the foregoing order reviewed by counsel.

Dated: 4/10/06, 2006

ROBERT J. BODTMANN
Debtor/Defendant

Dated: January 3, 2006

PETER C. HARVEY
ATTORNEY GENERAL OF NEW JERSEY

By: _____
James M. Bennett
Deputy Attorney General

To be completed if the defendant is pro se

State of New Jersey
County of Monmouth        : ss

On this ____ day of January, 2006, Robert J. Bodtmann, who is either personally known to me or who identified himself or herself to my satisfaction, appeared before me and signed the foregoing document in my presence and declared under oath that this person signed the foregoing document as the act and deed of this person for the purposes stated in it.

_____
(NOTARY PUBLIC)

Exhibit A P10

-7-

PAYMENT SCHEDULE

| Pamnt No | Payment Date | Sched Pay | Sched Cum | Actual Pay | Actual Cum |
|---:|---:|---:|---:|---|---|
| 1 | 15-Feb-2006 | $200.00 | $200.00 | | |
| 2 | 15-Mar-2006 | $200.00 | $400.00 | | |
| 3 | 15-Apr-2006 | $200.00 | $600.00 | | |
| 4 | 15-May-2006 | $200.00 | $800.00 | | |
| 5 | 15-Jun-2006 | $200.00 | $1,000.00 | | |
| 6 | 15-Jul-2006 | $200.00 | $1,200.00 | | |
| 7 | 15-Aug-2006 | $200.00 | $1,400.00 | | |
| 8 | 15-Sep-2006 | $200.00 | $1,600.00 | | |
| 9 | 15-Oct-2006 | $200.00 | $1,800.00 | | |
| 10 | 15-Nov-2006 | $200.00 | $2,000.00 | | |
| 11 | 15-Dec-2006 | $200.00 | $2,200.00 | | |
| 12 | 15-Jan-2007 | $200.00 | $2,400.00 | | |
| 13 | 15-Feb-2007 | $200.00 | $2,600.00 | | |
| 14 | 15-Mar-2007 | $200.00 | $2,800.00 | | |
| 15 | 15-Apr-2007 | $200.00 | $3,000.00 | | |
| 16 | 15-May-2007 | $200.00 | $3,200.00 | | |
| 17 | 15-Jun-2007 | $200.00 | $3,400.00 | | |
| 18 | 15-Jul-2007 | $200.00 | $3,600.00 | | |
| 19 | 15-Aug-2007 | $200.00 | $3,800.00 | | |
| 20 | 15-Sep-2007 | $200.00 | $4,000.00 | | |
| 21 | 15-Oct-2007 | $200.00 | $4,200.00 | | |
| 22 | 15-Nov-2007 | $200.00 | $4,400.00 | | |
| 23 | 15-Dec-2007 | $200.00 | $4,600.00 | | |
| 24 | 15-Jan-2008 | $200.00 | $4,800.00 | | |
| 25 | 15-Feb-2008 | $200.00 | $5,000.00 | | |
| 26 | 15-Mar-2008 | $200.00 | $5,200.00 | | |
| 27 | 15-Apr-2008 | $200.00 | $5,400.00 | | |
| 28 | 15-May-2008 | $200.00 | $5,600.00 | | |
| 29 | 15-Jun-2008 | $200.00 | $5,800.00 | | |
| 30 | 15-Jul-2008 | $200.00 | $6,000.00 | | |
| 31 | 15-Aug-2008 | $200.00 | $6,200.00 | | |
| 32 | 15-Sep-2008 | $200.00 | $6,400.00 | | |
| 33 | 15-Oct-2008 | $200.00 | $6,600.00 | | |
| 34 | 15-Nov-2008 | $200.00 | $6,800.00 | | |
| 35 | 15-Dec-2008 | $200.00 | $7,000.00 | | |
| 36 | 15-Jan-2009 | $59.10 | $7,059.10 | | |

*Approved by Judge Kathryn C. Ferguson  April  21, 2006*